UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAMIN SARJO BARROW,                          Case No. 1:16-cv-517
          Petitioner,

                                             Barrett, J.
     vs.                                     Litkovitz, M.J.

IMMIGRATION CUSTOM &                         **REPORT AND**
ENFORCEMENT,                                 **RECOMMENDATION**
          Respondent.

     This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the

Court on respondents' motion to dismiss for lack of jurisdiction (Doc. 19), to which petitioner

has not responded.[1] For the reasons stated below, it is recommended that the motion be granted.

     On May 3, 2016, petitioner initiated this action for a petition for a writ of habeas corpus.

Petitioner challenges his continued detention by the United States Immigration and Customs

Enforcement Agency (ICE) pursuant to a removal order. (Doc. 1). Petitioner was taken into ICE

custody on or about March 24, 2015. Petitioner argues that his continued detention is unlawful

because he has been detained for more than six months with no significant likelihood of his

actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[2] (*See* Doc. 1 at PageID

36–37). Petitioner seeks immediate release from custody. (*See* Doc. 9 at PageID 46).

     On September 6, 2016, respondent filed a motion to dismiss this action for lack of

jurisdiction. (Doc. 19). According to respondent, petitioner has been released from ICE custody

pursuant to an Order of Release on Recognizance. In support of the motion, respondent includes

the Declaration of Luke Affholter, a Deportation Officer for ICE. Affholter attests that petitioner

---

[1] On August 18, 2016, the Court issued a Notation Order granting respondent's motion for an extension of time, which was mailed to petitioner. (Doc. 17). The mail sent to petitioner was returned to the Court marked "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD." (Doc. 20).

[2] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

was released from ICE custody on August 23, 2016 on an Order of Release on Recognizance, which is attached to the Declaration. (*See* Doc. 19, Ex. 1, Affholter Declaration at PageID 68–72). In light of petitioner's release from custody, respondent contends that the petition should be dismissed for lack of jurisdiction.

Respondent's motion should be granted. Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[3] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's August 23, 2016 release renders this action moot and deprives the Court of jurisdiction. *See Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."); *see also Kahn v. Attorney General*, Case Nos. 1:15-cv-2014, 1:16-cv-85, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012)

---

[3] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

(finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012). Therefore, because petitioner has been released on an Order of Release on Recognizance and has obtained the relief requested in the petition, the undersigned recommends that respondents' motion to dismiss (Doc. 19) be **GRANTED** and the petition be dismissed as moot.

Petitioner's pending motion for the appointment of counsel (Doc. 15) should be **DENIED.**

**IT IS SO RECOMMENDED.**

Date: 11/3/16

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

LAMIN SARJO BARROW,                             Case No. 1:16-cv-517
       Petitioner,

                                                Barrett, J.
    vs.                                         Litkovitz, M.J.

IMMIGRATION CUSTOM &
ENFORCEMENT,
       Respondent.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140

(1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4